Mariam S. Marshall, Esq. (Bar No. 157242)
Zunilda Ramos, Esq. (Bar No. 161114)
MARSHALL & RAMOS, LLP
ATTORNEYS AT LAW
Two Worlds Center
91 Gregory Lane, Suite 7
Pleasant Hill, California 94523
Telephone: (925) 446-4546
Facsimile: (925) 446-4549
mmarshall@marshallramoslaw.com

Attorneys for Trustee,
FRED HJELMESET

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

FATMATA JOHN,

Debtor.

Case No. 18-52831 MEH

Chapter 7

**No Hearing Required**

**NOTICE OF TRUSTEE'S INTENT TO SELL REAL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. SECTION 363(b) and (f)**

TO: THE DEBTOR, HER COUNSEL OF RECORD, BIAMBA JOHN, NATIONSTAR MORTGAGE, LLC, d/b/a MR. COOPER, COUNTRYWIDE HOME LOANS, REAL TIME RESOLUTIONS, INC., JP MORGAN CHASE, THEIR COUNSEL OF RECORD AND CREDITORS AND PARTIES IN INTEREST

**NOTICE IS HEREBY GIVEN** that Fred Hjelmeset, the Chapter 7 Trustee ("Trustee") of the above captioned matter, seeks an order from Court authorizing him to sell the real property commonly known as, 3354 Caselegno Court, San Jose, California 95148, Assessor's Parcel No. 659-67-066, consisting of a single family residence (the "San Jose Property"), free and clear of liens, claims, encumbrances, charges, and other interests, to Xingping He and Weiging Wei (the "Buyers"), for the sum of $1,755,000, as set forth in more detail below.

**Factual Background**

Fatmata John (the "Debtor"), filed a voluntary Chapter 13 case on December 26, 2018, which was converted to a Chapter 7 case on February 8, 2019. The Trustee is the duly appointed and acting trustee of the Debtor's Chapter 7 bankruptcy estate. The Debtor

NOTICE OF TRUSTEE'S INTENT TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS
Case: 18-52831    Doc# 74    Filed: 07/03/19    Entered: 07/03/19 12:03:17    Page 1 of 6

and her husband Biamba John, are the legal and equitable owners of the San Jose Property and hold title to the San Jose Property as community property with right of survivorship. Pursuant to 11 U.S.C. Section 541(a)(2), all property held in community property, including the San Jose Property, became property of the within bankruptcy estate, upon the commencement of the Debtor's bankruptcy case.

In her bankruptcy schedules the Debtor represented that she intended to surrender the San Jose Property and did not assert an exemption in the property. The Debtor further stated in her schedules that the San Jose Property had a value of $1,800,000, and was subject to two deeds of trust, i.e., a first deed of trust in favor of Nationstar Mortgage in the outstanding sum of $1,600,000.00 and a second deed of trust in favor of Real Time Resolutions, Inc. ("RTR"), in the sum of $437,000. The Trustee is informed that the current balance owed on the first deed of trust to Nationstar Mortgage LLC, d/b/a Mr. Cooper (hereinafter "Mr. Cooper") is approximately $1,834,145.19. Consequently, in the absence of a Court approved short-sale, there would be insufficient equity in the San Jose Property to pay any liens recorded against the property other than Mr. Cooper's first deed of trust.

On April 15, 2019, the Trustee procured an order authorizing the employment of BK Global to assist the Trustee in negotiating a short sale of the San Jose Property. ("BK Global"). Additionally, on April 17, 2019, the Trustee procured an order authorizing the employment of Andy Buchanan and Intero Real Estate Services as the Trustee's real estate broker to market and sell the San Jose Property (collectively "Buchanan"). The combined compensation of BK Global and Intero is six percent (6%) of the total sale price of the San Jose Property (the "Commission"). Buchanan has procured the Buyers who have offered to purchase the San Jose Property for the sum of $1,755,000, as set forth in more detail below.

**Encumbrances Against the San Jose Property**

The San Jose Property is encumbered by following liens and judgments: (1) a first deed of trust in favor of Mr. Cooper in the approximate outstanding sum of $1,834,145.19; (2) second deed of trust in favor of RTR in the approximate sum of $437,546.09; (3)

judgment in favor of JP Morgan Chase Bank in the amount of $898.45 (the "Judgment"); and (4) liens for unpaid real property taxes.

**Consent of First Deed of Trust Holder, Mr. Cooper**

Pursuant to 11 U.S.C. Section 363(f)(2), on June 28, 2019, Mr. Cooper, consented to the short sale of the San Jose Property to the Buyers for the sum of $1,755,000 (the "Sale Proceeds"). From the Sale Proceeds, Mr. Cooper has authorized a payment of $28,000, in full satisfaction of RTR's second deed of trust against the San Jose Property. In addition, from the Sale Proceeds Mr. Cooper has also agreed to pay the sales Commission, a $100,000 carve out payment of the estate, an $850 payment to the estate for the Trustee's liability insurance, the outstanding and unpaid real property taxes, all reasonable and necessary closing costs, and a negotiated payout on the Judgment, directly from escrow. A condition of the sale is that the sale must close on or before August 16, 2019, and the San Jose Property must be delivered vacant to the Buyers. All net proceeds remaining after payment of the liens and expenses set forth above, shall be remitted to Mr. Cooper in full satisfaction of Mr. Cooper's first deed of trust.

**Consent of Second Deed of Trust Holder, RTR**

RTR holds a second deed of trust against the San Jose Property. RTR has agreed to accept a negotiated payment of $28,000, in full and final settlement and release of its entire second position deed of trust. The $28,000, negotiated payment shall be paid to RTR upon consummation of the sale of the property, directly from escrow, from the Sale Proceeds of the San Jose Property. The Trustee is selling the San Jose Property free and clear of RTR's second deed of trust pursuant to 11 U.S.C. Section 363(f)(2), as RTR has consented to the sale of the property in exchange for a payment of $28,000.

**Sale Free and Clear of JPMorgan Chase Bank Judgment Lien**

JPMorgan Chase Bank procured the Judgment against the Debtor's husband, Biamba John in the amount of $898.45, which abstract of Judgment was recorded against the San Jose Property on October 10, 2011, in the official records of the Santa Clara County Recorder's office as instrument number 21356568. The Judgment is junior in

priority to the first deed of trust of Mr. Cooper and the second deed of trust of RTR. The sale of the San Jose Property shall be free and clear of the Judgment pursuant to 11 U.S.C. Section 363(f)(3), in that the Judgment is unsecured, as there is no equity in the San Jose Property to which the Judgment attached. Additionally, pursuant to 11 U.S.C. Section 363(f)(5), JPMorgan Chase Bank could be compelled be compelled to accept a money satisfaction of its Judgment. In the event that JPMorgan Chase Bank agrees to accept a discounted payoff on its Judgment, such payment shall be made from the Sale Proceeds, subject to Mr. Cooper's approval.

**Carve Out Payment to the Bankruptcy Estate**

The Trustee and Mr. Cooper have agreed that the bankruptcy estate shall receive a "carve out" payment of $100,000, from the Sale Proceeds of the San Jose Property, free and clear of any and all security interests and liens of record against the San Jose Property (the "Carve Out Payment"). The estate is receiving the Carve Out Payment in exchange for: (1) the Trustee's efforts in marketing the San Jose Property; (2) securing qualified offers for the property; (3) sheparding the property through the Bankruptcy Court approval process; and (4) delivering the San Jose Property vacant to the Buyers. The Carve Out Payment to the estate is subject to Bankruptcy Court approval and shall be paid to the Trustee, directly from escrow, upon consummation of the sale.

**Compensation of Real Estate Brokers and BK Global**

The Commission, in the amount of $105,300, shall be paid upon consummation of the sale, from the Sale Proceeds, directly from escrow, as follows: (1) $35,100, representing 2% of the sale price of the San Jose Property, to BK Global; (2) $35,100, representing 2% of the sale price of the San Jose Property, to Buchanan; and (3) $35,100, representing 2% of the sale price of the San Jose Property, to Buyers' broker.

**Sale of San Jose Property**

During the pendency of the Debtor's Chapter 13 case, the San Jose Property was listed for sale by the Debtor, who received no purchase offers. After conversion to Chapter 7, the Trustee listed the San Jose Property for sale for the sum of $1,649,950. In April,

2019, the Trustee received seven (7) offers for the San Jose Property, ranging from $1,615,000 to $1,755,000. The Buyers' offer was the highest offer received by the Trustee. All offers received for the San Jose Property were "short sale" offers, and were forwarded to Mr. Cooper for review. The Trustee accepted the Buyers' offer, subject to: (1) Mr. Cooper's approval; (2) acceptance of the negotiated $28,000, short payoff to RTR; (3) the estate's receipt of the Carve Out Payment; and (4) Bankruptcy Court approval.

The Trustee is informed and believes that the Buyers have no connection with the Debtor and are not insiders of the Debtor, as that term is defined in 11 U.S.C. Section 101(4). The Trustee believes that the Buyers are good faith purchasers as that term is defined in 11 U.S.C. Section 363(m).

**Payments Directly from Escrow**

From the sale proceeds of the San Jose Property the Trustee intends to pay the following encumbrances and costs from the Sale Proceeds, directly from escrow: (1) RTR the sum of $28,000 in full satisfaction and release of RTR's lien; (2) Commissions in the amount of $105,300 representing six percent (6%) of the sale price of the property; (3) $100,000 Carve Out Payment to the bankruptcy estate, free and clear of all liens; (4) $850 payment to the bankruptcy estate for the Trustee's liability insurance; (5) outstanding and unpaid real property taxes; (6) all normal and ordinary costs of sale, including but not limited to escrow fees, and recording fees; (7) a discounted payout on the Judgment, subject to Mr. Cooper's approval, if it can be negotiated prior to entry of final order approving this sale; and (8) all remaining net sales proceeds to Mr. Cooper.

**Trustee's Business Judgment**

It is the Trustee's business judgment that the sale of the San Jose Property to the Buyers, on the terms and conditions set forth above, is in the best interests of the estate and its creditors. The scheduled value of the San Jose Property was $1,800,000. The property was listed for sale at $1,649,950. The Buyers' offer in the amount of $1,755,000, was the highest and best offer of the seven offers received by the Trustee after the San Jose Property had been exposed to the market for a period of six months. The Trustee

believes that the price offered by the Buyers, exceeds that which would be realized through any other disposition of the property, such as a public auction. In addition, because the estate has been able to negotiate a "short sale" with Mr. Cooper and a negotiated short payoff to RTR, the estate will receive a $100,000 Carve Out Payment, despite the fact that the San Jose Property is under water.

**Any party in interest who wishes to object to the above-described sale of real property free and clear of liens or wishes a hearing on the Trustee's intention to sell real property described herein, must comply with Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California. Pursuant to Local Rule 9014-1 an objecting party or party requesting a hearing must file with the Bankruptcy Court and serve counsel for the Trustee with a written request for hearing or objection, along with declarations and/or memoranda of law supporting the objection or request for hearing, within twenty-one (21) days of the mailing of this notice. In the event an objection or request for hearing is timely made, Trustee's counsel shall obtain a hearing date and provide the objecting party with at least seven (7) days written notice of the hearing. If no party in interest timely files a request for hearing or an objection to the proposed sale of real property the Trustee may obtain an order approving the sale without a hearing.**

Dated: July 3, 2019　　　　　　　　　　MARSHALL & RAMOS, LLP

　　　　　　　　　　　　　　　　　　　/s/ Mariam S. Marshall
　　　　　　　　　　　　　　　　　　　MARIAM S. MARSHALL
　　　　　　　　　　　　　　　　　　　Attorneys for Trustee
　　　　　　　　　　　　　　　　　　　FRED HJELMESET